# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:19-CR-00129-TH** |
| **v.** § | |
| § | |
| § | |
| § | |
| **LARRY ANTHONY EGINS** § | |
| § | |

## REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed January 31, 2020, alleging that the Defendant, Larry Anthony Egins, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Larry Anthony Egins was sentenced on September 3, 2015, before The Honorable Judge Lee Yeakel, of the Western District of Texas, after pleading guilty to the offense of Possession Intent to Distribute Cocaine Base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of VI, was 46 to 57 months. Larry Anthony Egins was subsequently sentenced to 48 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: submit to

search; do not associate with members or associates of the Crips or any prison/street gangs; refrain from alcohol; take medication as prescribed; and a $100 special assessment.

## II. The Period of Supervision

On November 16, 2015, Egins' imprisonment sentence was reduced from 48 months to 39 months' imprisonment. On September 8, 2017, Larry Anthony Egins completed his period of imprisonment and began service of the supervision term.

On May 24, 2018, this case was transferred from the Western District of Texas to the Southern District of Texas, Houston Division and assigned to the Honorable Sim Lake, U.S. District Judge.

On August 22, 2019, Egins' term of supervised release was revoked in the Southern District of Texas, and he was sentenced to time served followed by 12 months and 16 days of supervised release. Egins began serving this term of supervised release in the Eastern District of Texas, Beaumont Division.

On August 28, 20019, this case was transferred from the Southern District of Texas to the Eastern District of Texas and assigned to the Honorable Thad Heartfield, Senior U.S. District Judge.

On September 10, 2019, Egins entered inpatient drug treatment at the Unity Treatment Center in Beaumont, Texas.

## III. The Petition

United States Probation filed the Amended Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Larry Anthony Egins violated the following conditions of release:

> Allegation 1. The defendant shall report to the probation officer as directed by the court or probation officer.

Allegation 2. The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

Allegation 3. The Defendant shall refrain from any unlawful use of a controlled substance.

Allegation 4. The defendant shall not commit another federal, state, or local crime.

## IV. Proceedings

On January 31, 2020, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to report to his probation officer. In return, the parties agreed that he should serve a term of 11 months' imprisonment with no supervised release to follow to be served concurrently with his term of imprisonment in case number 1:19-CR-128.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal

Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class D felony, therefore, the maximum imprisonment sentence is 2 years, but with credit for time Egins has previously served, the maximum is 23 months.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report to his probation officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to report to his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under

Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 11 months with no term of supervised release to follow to be served concurrently with his term of imprisonment in case number 1:19-CR-128.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to report to his probation officer. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 11 months' imprisonment with no term of supervised release to follow to be served concurrently with his term of imprisonment in case number 1:19-CR-128. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont. The Defendant's request should be accommodated, if possible.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed

findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 3rd day of February, 2020.

_____
Zack Hawthorn
United States Magistrate Judge